**FILED**
CLERK, U.S. DISTRICT COURT
1/24/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_VAV\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>             v.<br><br>FRANZ GREY,<br><br>             Defendant. | CR 2:23-cr-00031-FMO<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c): Criminal Forfeiture] |

     The Grand Jury charges:

                    [18 U.S.C. § 922(g)(1)]

     On or about December 16, 2022, in Los Angeles County, within the Central District of California, defendant FRANZ GREY knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

     1.   a Romarm Cugir, model Mini Draco, 7.62x39mm caliber pistol, bearing serial number PD-3992-2014 RO;

    2.   a Zastava Arms, model MDLPAP M92PV, 7.62x39mm caliber pistol with an obliterated serial number;

    3.   a Mossberg, model 500A, 12-gauge shotgun, bearing serial number L152016;

    4.   an American Tactical, model Omni Hybrid, 5.56 mm caliber rifle, bearing serial number NS032860;

    5.   a Sig Sauer, model Omni 556XI, 5.56 mm caliber firearm with an obliterated serial number;

    6.   677 rounds of Tula Cartridge Works .223 Remington caliber ammunition;

    7.   600 rounds Prvi Partizan 5.56x45mm caliber ammunition;

    8.   260 rounds of Federal Cartridge Company or CCI/Speer .223 Remington caliber ammunition;

    9.   200 rounds of Barnaul Cartridge Works 9mm Luger caliber ammunition;

    10.   193 rounds of Winchester 9mm Luger caliber ammunition;

    11.   168 rounds of Israeli Military Industries 9mm Luger caliber ammunition;

    12.   160 rounds of Winchester 12-gauge ammunition;

    13.   150 rounds of Remington Arms Company .40 Smith & Wesson caliber ammunition;

    14.   100 rounds of Lake City Army Ammunition Plant .50 Browning caliber ammunition;

    15.   75 rounds of Federal Cartridge Company or CCI/Speer 12-gauge ammunition;

    16.   60 rounds of Barnaul Cartridge Works .308 Winchester caliber ammunition;

    17.   one round of Winchester .45 Automatic caliber ammunition;

18. one round of Winchester 7.62x54Rmm caliber ammunition;

19. one round of Lake City Army Ammunition Plant 5.56mm caliber ammunition;

20. one round of Federal Cartridge Company or CCI/Speer .30 Carbine caliber ammunition; and

21. one round of Federal State Enterprise Amur Cartridge Plant (Vympel) 7.62x39mm caliber ammunition.

Defendant GREY possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Hit and Run Resulting in Injury or Death, in violation of California Vehicle Code Section 20001(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA31417, on or about January 3, 2008; and

2. Possession of a Controlled Substance, in violation of California Health & Safety Code Section 11350(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA31417, on or about January 3, 2008.

|    |    |
|---|---|
| 1  | FORFEITURE ALLEGATION |
| 2  | [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)] |
| 3  | 1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal |
| 4  | Procedure, notice is hereby given that the United States of America |
| 5  | will seek forfeiture as part of any sentence, pursuant to Title 18, |
| 6  | United States Code, Section 924(d)(1), and Title 28, United States |
| 7  | Code, Section 2461(c), in the event of the defendant's conviction of |
| 8  | the offense set forth in this Indictment. |
| 9  | 2.   The defendant, if so convicted, shall forfeit to the United |
| 10 | States of America the following: |
| 11 | (a)  All right, title, and interest in any firearm or |
| 12 | ammunition involved in or used in such offense; and |
| 13 | (b)  To the extent such property is not available for |
| 14 | forfeiture, a sum of money equal to the total value of the property |
| 15 | described in subparagraph (a). |
| 16 | 3.   Pursuant to Title 21, United States Code, Section 853(p), |
| 17 | as incorporated by Title 28, United States Code, Section 2461(c), the |
| 18 | defendant, if so convicted, shall forfeit substitute property, up to |
| 19 | the value of the property described in the preceding paragraph if, as |
| 20 | the result of any act or omission of the defendant, the property |
| 21 | described in the preceding paragraph or any portion thereof (a) |
| 22 | cannot be located upon the exercise of due diligence; (b) has been |
| 23 | transferred, sold to, or deposited with a third party; (c) has been |
| 24 | placed beyond the jurisdiction of the court; (d) has been |
| 25 | // |
| 26 | // |
| 27 | // |
| 28 | // |

1  substantially diminished in value; or (e) has been commingled with
2  other property that cannot be divided without difficulty.
3
4                                        A TRUE BILL
5
6                                          /S/
                                         ─────────────────────────
7                                        Foreperson

8  E. MARTIN ESTRADA
   United States Attorney
9
   MACK E. JENKINS
10 Assistant United States Attorney
   Chief, Criminal Division
11

12
   SCOTT M. GARRINGER
13 Assistant United States Attorney
   Deputy Chief, Criminal Division
14
   FRANCES LEWIS
15 Assistant United States Attorney
   Deputy Chief, General Crimes
16 Section

17 JUAN M. RODRIGUEZ
   Assistant United States Attorney
18 General Crimes Section

19
20
21
22
23
24
25
26
27
28

5